UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
04 MAY 13 PM 1:13
N.D. OF ALABAMA

CHARLES KENT, )
  )
  Plaintiff, )
  )
vs. ) Civil Action No. CV-04-S-0525-NE
  )
BAYER AG, *et al.,* )
  )
  Defendants. )

**ENTERED**

MAY 1 3 2004

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

## MEMORANDUM OPINION

This action originally was commenced on March 11, 2002, as *Guy, et al. v. Bayer AG, et al.,* civil action number CV-02-324, in the Circuit Court of Jefferson County, Alabama, Bessemer Division.[1] The original state court plaintiffs asserted claims of products liability under the Alabama Extended Manufacturers' Liability Doctrine, breach of express warranty, breach of implied warranty, and failure to warn against defendants Bayer AG, Bayer Corporation, Glaxo Wellcome, Inc., and Smithkline Beecham Corporation ("the corporate defendants"). These claims all arose out of injuries the plaintiffs allegedly suffered as a result of taking the drug Baycol,

---

[1] Notice of Removal (doc no. 1), at ¶ 2; *see also id.* at Exhibit D. Exhibit D to defendants' Notice of Removal consists of two boxes of documents, representing the entire state court file. The documents are not numbered or indexed. Although the court found and inspected the original complaint after sifting through the two boxes of paperwork, the court cannot, due to defendants' lack of organization, provide a more specific citation to the record than simply "Exhibit D" to the Notice of Removal.

which was manufactured and/or distributed by the corporate defendants.[2] The original plaintiffs also asserted medical negligence and breach of contract claims against several individual physician defendants who allegedly prescribed Baycol.[3] The original case was removed to this court on April 19, 2002, but Magistrate Judge Paul Greene remanded the action on June 21, 2002.[4]

Charles Kent, the present plaintiff, joined the state court case subsequent to remand (September 23, 2002), when he was added as a named plaintiff to the first amended state court complaint.[5] The state court complaint subsequently was amended five additional times, and by the date of the sixth and final amendment, it encompassed the claims of thirteen individual plaintiffs. Defendants filed a motion to sever the claims asserted by the various plaintiffs, and to transfer the severed actions to the appropriate state courts, on October 16, 2003. The parties subsequently reached an agreement regarding severance, and the state court judge entered an order on February 12, 2004, severing the claims of each individual plaintiff, and transferring

---

[2] *See id.*

[3] *Id.* The complaint also named numerous fictitious defendants, but the claims against those defendants are irrelevant here, because there is no fictitious party practice in federal court.

[4] *See* plaintiff's brief in support of motion to remand (doc. no. 11), at 1. When the case originally was removed to this court, it was assigned case number CV-02-PWG-994-S.

[5] The court acquired this information by sifting through the two boxes of documents appended as Exhibit D to defendants' Notice of Removal. Thus, the court cannot provide a specific citation to the document number for the first amended complaint. The court does not appreciate being required to conduct such an extensive search for information which could easily have been pointed out by any party.

each claim to the appropriate Alabama Circuit Court.[6] As a result of that order, plaintiff Charles Kent's case, which asserts claims against only the corporate defendants, was transferred to the Circuit Court of Cullman County, Alabama.[7] Defendants removed Kent's severed and transferred case to this court on March 12, 2004, based upon diversity jurisdiction.[8] Plaintiff filed a timely motion to remand on April 2, 2004.[9] That motion presently is before the court.

## I. STANDARD OF REVIEW

Federal district courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. The American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)); *see also, e.g., Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000) ("Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases.") (citing *University of South Alabama*,

---

[6]*See* Notice of Removal (doc. no. 1), at Exhibit A.

[7]*Id.* at 3.

[8]Notice of Removal (doc. no. 1). Although plaintiff's case was transferred to the Circuit Court of *Cullman County,* and thus could only be removed from that court, defendants erroneously state in their Notice of Removal that the action is being removed from the Circuit Court of *Jefferson County,* Bessemer division, the court in which the case originally was filed.

[9]Doc. no. 10.

168 F.3d at 409-10). Accordingly, removal statutes must be construed narrowly, and "all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assurance Co.,* 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994)).

## II. DISCUSSION

### A. Removal Was Not Timely

Neither party denies that federal subject matter jurisdiction exists over plaintiff's claims. Indeed, the requirements of the diversity statute, 28 U.S.C. § 1332, have been satisfied. The parties are of diverse citizenship, and the amount in controversy clearly exceeds $75,000.[10]

Plaintiff, nevertheless, asserts that this case should be remanded because defendants removed it more than one year after the action was commenced in state court.[11] In that regard, the removal statute provides:

> If a case stated by the initial pleading is not removable, a notice of

---

[10]Plaintiff Charles Kent is a resident of Alabama; defendant Bayer AG is a global company with its principal place of business in Germany; defendant Bayer Corporation is an Indiana corporation with its principal place of business in Pennsylvania; defendant Glaxo Wellcome, Inc. is a Pennsylvania corporation with its principal place of business in Pennsylvania; and defendant Smithkline Beecham Corporation is a Pennsylvania corporation with its principal place of business in Pennsylvania. *See* fourth amended complaint, appended as Exhibit D to Notice of Removal (doc. no. 1). Further, defendants have shown by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional threshold. *See Leonard v. Enterprise Rent A Car,* 279 F.3d 967, 972 (11th Cir. 2002) (footnote omitted) (requiring a removing defendant to demonstrate satisfaction of the amount in controversy by a preponderance of the evidence).

> removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332* [the diversity statute] *of this title more than 1 year after commencement of the action.*

28 U.S.C. § 1446(b) (emphasis supplied). The untimeliness of a removal is a procedural, rather than a jurisdictional, defect. *See In re Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324 (11th Cir. 1997) ("The untimeliness of a removal is a procedural, instead of jurisdictional, defect.") (citing *Maniar v. FDIC*, 979 F.2d 782, 784-85 (9th Cir. 1992) ("We hold that untimely removal is a procedural defect and not jurisdictional."); *Barnes v. Westinghouse Electric Corp.*, 962 F.2d 513, 516 (5th Cir. 1992) (holding one-year time limit on removal is "procedural"). Nonetheless, untimeliness *is* a ground for remanding a case pursuant to 28 U.S.C. § 1447(c). *See* 28 U.S.C. § 1447(c) (stating that a motion to remand may be made due to a "defect *other than* lack of subject matter jurisdiction") (emphasis supplied).

Plaintiff argues that the removal was untimely because the underlying state court action was filed on March 11, 2002, approximately two years before defendants removed the instant action to this court.[12] Defendants maintain that the removal was

---

[12]Plaintiff asserts that the relevant date is the date on which the state action originally was filed, and does not mention that he had not yet been named as a party to the action on that date. Plaintiff's absence from the case when it originally was filed is a fact that cannot be ignored, because "for a party added in a suit by a later amended complaint, commencement of the action as

timely because plaintiff's case was not "commenced" for purposes of the removal statute until the Bessemer court entered its severance and transfer order on February 12, 2004, only approximately one month before defendants removed the case to this court.[13]

The parties agree that the date of "commencement" of an action for purposes of the one-year limitation on removal of diversity cases must be defined by reference to state law. *See, e.g., Barnett v. Sylacauga Autoplex,* 973 F. Supp. 1358, 1362-63 (N.D. Ala. 1997) ("When an action has been 'commenced' is a question of *state* law.") (emphasis in original). The Alabama Rules of Civil Procedure clearly provide that "[a] civil action is commenced *by filing a complaint with the court.*" Ala. R. Civ. P. 3(a). *See also Barnett,* 973 F. Supp. at 1363 (citing Ala. R. Civ. P. 3(a)). Thus, the

---

among the new party and the original parties may come at the time the complaint is amended." *Barnett v. Sylacauga Autoplex,* 973 F. Supp. 1358, 1363 (N.D. Ala. 1997). The point plaintiff *should* have made, and the one which is assumed in the court's analysis herein, is that regardless of whether the action was "commenced" on March 11, 2002, the date of filing of the original complaint, or on September 23, 2002, the date of the first amended complaint adding plaintiff as a party, more than one year passed before defendants removed the action to this court.

[13]The Eleventh Circuit has been presented with the exact issue facing the court today: *i.e.,* whether the one-year time limit for removing a diversity case which has been severed in the state court begins to run upon the filing of the state court complaint (or the addition of the plaintiff to the state court action), or upon the entry of an order of severance in state court. *See In re Uniroyal Goodrich Tire Co.,* 104 F.3d 322 (11th Cir. 1997). In that case, Uniroyal removed on the basis of diversity jurisdiction more than one year after the action was commenced in state court, but only approximately one week after a severance order was entered in the state court. *Id.* at 323. The district court *sua sponte* remanded, because the one-year limitation for removing diversity cases had expired. *Id.* The Eleventh Circuit held that it did not have jurisdiction over the appeal, because the district court's order remanding the case was based on a *procedural* defect in the removal process, not on a *jurisdictional* defect, and such orders are "not reviewable on appeal or otherwise." *Uniroyal,* 104 F.3d at 324-25; *see also* 28 U.S.C. § 1447(d).

inescapable conclusion seems to be that the underlying state court action was "commenced" by (at the latest) September 23, 2002, when Charles Kent was named as a plaintiff in the first amended complaint, and that defendants' March 12, 2004, removal of his state court claims was untimely under the one-year rule. Even so, defendants urge the court to ignore the plain language of Alabama Rule of Civil Procedure 3(a), and hold that plaintiff's case did not "commence" until the severance and transfer order was entered on February 12, 2004.

Defendants first point to the language of the severance order itself. The order provides in pertinent part that "[e]ach of the claims of the individual plaintiffs herein is hereby severed, and the parties aligned as follows (each of which is to hereafter be treated as a new and separate action with a new case number)."[14] Defendants also point to an opinion by the Clerk of the Alabama Supreme Court, stating that a newly severed action should be given a new case number, and that the plaintiff in the action should be required to pay an additional filing fee. *Opinion of the Clerk, Supreme Court of Alabama,* 526 So. 2d 584, 586 (1988). Based on that opinion, defendants ask, "[i]f the new action . . . did not commence with the severance, what possible reason could there be for requiring a new case number and a new filing fee?"

Defendants answer their own question by citing cases which are distinguishable

---

[14]Notice of Removal (doc. no. 1), at Exhibit A (Order on Severance and Transfer).

from the instant case. A severed case *is* considered a separate and independent case, *but only for certain purposes.* For example, in *Key v. Robert M. Duke Insurance Agency,* 340 So. 2d 781 (Ala. 1976), the case upon which defendants principally rely, the trial court severed certain of the plaintiff's claims. *Id.* at 782. On appeal, the Alabama Supreme Court faced the issue of whether Alabama Rule of Civil Procedure 54(b), which limits the court's ability to direct the entry of a final judgment as to fewer than all the claims, or fewer than all the parties, involved in a multiple-party action, applied to the severed claims. *Id.* at 782-83. Because Alabama Rule of Civil Procedure 54(b) applies to cases in which separate trials are ordered pursuant to Rule 42(b), but not to claims which are severed from the original action pursuant to Rule 21, the court clarified the distinction between a Rule 42(b) order of separate trials, and a Rule 21 severance. *Id.* at 783.

> [S]eparate trials of different claims in a single action under Rule 42(b) usually result in a single judgment. Consequently, when the court wishes to enter judgment as to fewer than all the claims or parties, in a single action, Rule 54(b) must be followed. *When, however, a claim is severed from the original action, as authorized by Rule 21, ARCP, a new action is created, just as if it had never been a part of the original action, and a completely independent judgment results.* Because the new action is no longer connected to the original action, the judgment rendered is not a determination as to fewer than all the parties and claims, and Rule 54(b) does not apply.

*Id.* (emphasis supplied).

Defendants take the above passage, and particularly the italicized portion, out

-8-

of context, asserting that because severance creates a "new action" in which "a completely independent judgment results," severance also must result in the *commencement* of a new action for removal purposes. This court is not persuaded by defendants' argument. *Key* merely holds that a severed claim becomes a "new action" in the limited sense that an independent judgment may be entered in the severed action, and the trial court thus is not constrained by Rule 54(b) from entering a final judgment as to that claim. It does *not* hold that a new action is *commenced* upon severance.[15]

*Chott v. Cal Gas Corporation*, 746 F. Supp. 1377 (E.D. Mo. 1990), cited by defendants, also is distinguishable. Obviously, *Chott* was not based on Alabama law,

---

[15]Indeed, the *Key* decision cannot be read as addressing whether an order of severance constitutes "commencement" of a new action for purposes of the one-year limitation on removing diversity cases, because the one-year rule was not part of the removal statute in 1976, when *Key* was decided. The provision was not added until 1988. *See* Pub. L. No. 100-702, § 1016(b)(2)(B), 1988 U.S.C.C.A.N. 5982, 6031-34.

This limitation on *Key's* holding is reinforced by subsequent Alabama precedent cited by defendants. *See Interstate Truck Leasing, Inc. v. Bender*, 608 So. 2d 716, 718 (Ala. 1992), *overruled on other grounds by State Farm and Casualty Co. v. Owen*, 719 So. 2d 716 (Ala. 1998) (holding that *res judicata* principles apply to claims which are severed pursuant to Rule 21, because severed claims result in "new actions" which result in the entry of "completely different judgments," but not to cases in which separate trials are ordered pursuant to Rule 42(b), because no independent judgment results); *Ex parte Furnace and Corrosive Services, Inc.*, 418 So. 2d 891, 893 (Ala. 1982) (holding that severance of the plaintiff's claims against three defendants would result in a "new action" in which "a completely independent judgment" would result, and that severance thus would not prevent the plaintiff from seeking relief against the severed defendants); *Opinion of Clerk*, 526 So. 2d at 586 (stating that "[s]ince a severed claim becomes a separate and independent case *for purposes of finality of judgment and appellate review*, there is no logical reason to view the claim as part of the original case for filing fee purposes") (emphasis supplied). None of these holdings can reasonably be construed to hold that severance of an action results in *commencement* of a new action. The cases merely hold that severance results in an *independent* action in which a final judgment may be entered, separately from judgment in the original action.

which the parties agree controls the issue of when this action was "commenced." More to the point, *Chott* involved different procedural circumstances than those presented here. The plaintiff originally filed a complaint in Missouri state court in October of 1986, and voluntarily dismissed the complaint in March of 1990. *Chott,* 746 F. Supp. at 1378. The plaintiffs filed another complaint in state court on May 10, 1990, and defendants removed to federal court, based on diversity jurisdiction, on June 1, 1990. *Id.* The district court held that the defendants' removal was not barred by the one-year rule, because "plaintiff's refiling of the petition after a voluntary dismissal creates a new action for purposes of removal." *Id.* Here, plaintiff never dismissed his claims from any court, and he was not required to file a new complaint when his claims were *transferred* to another, appropriate *venue*. Thus, the *Chott* decision is not applicable to the instant case.

Defendants' reliance on *Central of Georgia Railway Co. v. Riegel Textile Corp.,* 426 F.2d 935 (5th Cir. 1970), similarly is misplaced. Central of Georgia, the defendant in an underlying FELA action commenced in Alabama state court, filed a third-party complaint against Riegel Textile Corporation ("Riegel"). *Id.* at 937. After the state court severed Central's third-party complaint from the original action, Riegel removed the severed claim to federal court, where the plaintiff's motion to remand was denied. *Id.* at 937. On appeal, the former Fifth Circuit limited its inquiry to

whether a third-party defendant can remove a case under 28 U.S.C. § 1441(a).[16] *Id.* The Fifth Circuit held that the state court's severance order "treat[ed] the case as two lawsuits." *Id.* at 938. This "judicial surgery" created a new action, in which Riegel became a defendant who could remove to federal court pursuant to 28 U.S.C. § 1441(a). *Id.*

The only way *Central of Georgia* can help defendants is to support their right, as defendants in a severed state court action, to remove to federal court. *Central of Georgia* does not comment on the timeliness of removal in a severed action. Most importantly, *Central of Georgia* does not hold that a severed action "commences" for purposes of the one-year limitation on removal of diversity actions specified in 28 U.S.C. § 1446(b) upon entry of an order of severance by the state court. Indeed, the case was decided long before the one-year limit was added to the diversity statute.[17]

The only case cited by defendants which actually involves a procedural situation similar to that presented here is *Crump v. Wal-Mart Group Health Plan,* 925 F. Supp. 1214 (W.D. Ky. 1996). In *Crump,* a lawsuit arising out of a car accident was

---

[16]28 U.S.C. § 1441(a) provides, in pertinent part:

> **(a)** Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending [emphasis supplied].

[17]*See* Pub. L. No. 100-702, § 1016(b)(2)(B), 1988 U.S.C.C.A.N. 5982, 6031-34.

filed in Kentucky state court against Destiny Crump, a beneficiary of the Wal-Mart Group Health Plan, on October 20, 1993. *Id.* at 1215. Crump filed a cross-claim against David Young, the driver of the other car involved in the accident, on April 6, 1994. *Id.* Wal-Mart intervened in the state court suit on September 20, 1994, to enforce its subrogation rights. *Id.* at 1216. Crump then asserted a cross-claim against Young based on Wal-Mart's alleged misconduct in handling Crump's benefit claim. The cross-claim was deemed filed on October 3, 1995. *Id.* On October 16, 1995, the state court severed Crump's cross-claim against Wal-Mart from the other underlying claims, treated the cross-claim as a separate action, and realigned the parties. However, the severed action was not assigned a different docket number. *Id.* Wal-Mart removed Crump's cross-claim to federal court on October 23, 1995, and Crump moved to remand. *Id.* at 1217. The district court held that federal jurisdiction existed based on both federal question jurisdiction *and* diversity jurisdiction. *Id.* at 1218-19.[18] Because Wal-Mart removed the case more than one year after it originally had been filed, Crump asserted that the removal was untimely under the one-year rule of § 1446(b). The court disagreed, holding that, "[s]ince the state court's act of severing Crump's claim created a separate cause of action, then it only logically follows that § 1446(b)'s one-year time limitation for filing diversity jurisdiction removal began

---

[18]Federal question jurisdiction was based on the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*

with that court's action. Wal-Mart's petition fell within the requisite one-year time limitation." *Id.* at 1220.

Plaintiff attempts to distinguish *Crump* by arguing that Wal-Mart did not become a party to the case until Crump asserted her cross-claim against it on September 13, 1995, less than one year before Wal-Mart removed the case to federal court.[19] Although this fact would distinguish *Crump* from the present case, in which plaintiff and all defendants have been parties for well over a year, the assertion simply is not correct. Wal-Mart first joined the *Crump* litigation on September 20, 1994, when it intervened in the state court suit to protect its subrogation rights.

Despite plaintiff's failure to distinguish *Crump*, *Crump* does not control the instant analysis. *Crump* was decided in a federal district court in Kentucky. The decision was not based on Alabama law, which the parties agree controls the determination of when a case is "commenced" under the one-year rule. There is no indication that Kentucky law contains any rule similar to Alabama Rule of Civil Procedure 3(a), which clearly proclaims that "[a] civil action is commenced *by filing a complaint with the court.*" Ala. R. Civ. P. 3(a).[20] Defendants cannot refute that clear proclamation by citing a Kentucky case which was not based on a similar legal

---

[19]Plaintiff's brief in support of motion to remand (doc. no. 11), at unnumbered page 7.
[20]If such a rule exists under Kentucky law, the federal judge in *Crump* did not rely on the rule.

principle. Defendants have cited no other authority which persuades the court that their removal was timely. Accordingly, plaintiff's motion to remand will be granted.

Strong policy justifications also exist to support this result. If a severance order caused a new case to be "commenced" in every instance, and required a new complaint to be filed, a statute of limitations defense could apply to claims which were severed long after the original action was filed, even if the original claim was timely.[21] Such a practice could lead to rampant abuse. A state court judge enters a severance order so that the claims may *proceed* as separate actions, not so that the severed claims can immediately be dismissed due to a statute of limitations defense.

### B.   Plaintiff Is Not Equitably Estopped From Asserting The One-Year Rule

Defendants argue in a footnote that plaintiff should be equitably estopped from asserting the one-year rule as a bar to removal, because he, and the other state court plaintiffs, attempted to avoid federal jurisdiction by misjoining several parties.[22] There are three necessary prerequisites to invocation of estoppel as a means of preventing a plaintiff from asserting the one-year bar of § 1446(b). The removing defendants must demonstrate: *first*, that they had no notice of the future change in the

---

[21]The date of filing a complaint also is used to determine whether an action is commenced within the applicable statute of limitations period. *See* Ala. Code § 6-2-1 *et seq.* (establishing limitations periods for filing actions); *see also Barnett*, 973 F. Supp. at 1363 (comparing principles regarding commencement of an action for statute of limitations purposes to principles regarding commencement of an action for purposes of the one-year rule).

[22]Defendants' response to motion to remand (doc. no. 14), at 14, n.7.

plaintiff's position; *second*, that the plaintiff changed his position in bad faith; *and third*, that proceedings in state court had not made significant progress toward trial, or that removal will not result in a substantial delay in resolution of the action. All three conditions must be satisfied.

> The key to whether a plaintiff will be estopped from raising the one-year limitation on removal is whether the defendant should have been on notice that the plaintiff would take action subsequent to the one-year limitations period that would bring the case within the diversity jurisdiction of the federal courts. *See Morrison v. National Benefit Life Ins. Co.*, 889 F. Supp. at 950; *Kinabrew v. Emco-Wheaton, Inc.*, 936 F. Supp. at 353; *Leslie v. BancTec Serv. Corp.*, 928 F. Supp. 341, 346 (S.D.N.Y. 1996); *Kite v. Richard Wolf Medical Instruments Corp.*, 761 F. Supp. 597, 600 (S.D.Ind.1989). This is so whether or not the defendant could actually remove the case at the time he had notice. *Russaw v. Voyager Life Ins. Co.*, 921 F. Supp. 723, 725 (M.D.Ala.1996). A defendant who should have been on notice could have attempted to remove, if there was a basis for removal. If no basis for removal existed, the defendant could have filed a motion for more definite statement under Rule 12(e) of the Alabama Rules of Civil Procedure on the basis that the plaintiff has fraudulently joined certain parties to the suit or pled beneath the amount she actually seeks (or any other facts that would provide the federal courts with jurisdiction). If an order requiring the plaintiff to amend the complaint in accordance with the defendant's request issues, the defendant can remove once the complaint is amended and removal is clearly proper. Or, if the plaintiff does not amend the complaint to bring it within the diversity jurisdiction of the court, the defendant may raise judicial estoppel when the plaintiff attempts to amend her complaint in the future in such a way as would have brought her claims within a federal court's jurisdiction if bad faith exists.
>
> Notice exists when the possibility of removal can be inferred from the face of the complaint, as is the case when the plaintiff pleads a claim which of necessity would require the plaintiff to receive more than $75,000.00 in damages, or when facts outside the complaint would alert

> a reasonable defendant that something is amiss, as is often the case with joinder that is fraudulent due to a clear factual impossibility.
>
> . . .
>
> Chrysler Financial [the removing defendant] not only must demonstrate that it had no notice of the future change in the plaintiff's position, but also must demonstrate that the plaintiff changed her position in bad faith. *Greer v. Skilcraft*, 704 F. Supp. at 1583. In the present case, the plaintiff's claims are in bad faith if, by her actions, she attempted to disguise the existence of the removability of the case until the one-year limitation had run. *See Morrison*, 889 F. Supp. at 950. Bad faith can generally be inferred from amendment outside of the statutory bar. *See Kinabrew v. Emco-Wheaton*, 936 F. Supp. at 353 . . . .
>
> Finally, the history of § 1446(b) indicates that the one-year limitation on removal is meant to avoid "substantial delay" in the resolution of cases and to prevent "removal after substantial progress has been made in state court." House Rep. No. 100-889 at 72, 1988 U.S.C.C.A.N. at 6032-33. *If proceedings in state court have made significant progress toward trial or if substantial delay would result in removal of the action to federal court, removal should not be available to the defendant, regardless of the plaintiff's actions.*

*Barnett*, 973 F. Supp. at 1366-67 (footnotes omitted) (emphasis supplied).

Defendants cannot assert that they had no notice of any misjoinder in this action until after the one-year time limitation for removal had passed. Defendants should have known of the misjoinder as soon as the original state court complaint was filed on March 11, 2002. Further, substantial progress has been made in the state court proceedings, which is apparent from the two boxes of documents appended as Exhibit D to defendants' Notice of Removal. Thus, even if defendants could show that

plaintiff has acted in bad faith, plaintiff still is not equitably estopped from asserting the one-year rule.

### III. CONCLUSION

Defendants' removal of this action was untimely. Accordingly, plaintiff's motion to remand will be granted.[23] An appropriate order will be entered contemporaneously herewith.

DONE this ___13th___ day of May, 2004.

_____
United States District Judge

---

[23]The case will be remanded to the Circuit Court of Cullman County, Alabama, the court to which it had been transferred, and currently was pending, at the time of removal, despite the fact that defendants erroneously state that the case was removed from the Circuit Court of Jefferson County, Bessemer Division, where it originally was commenced.